

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| NATONYA MARVETTE GLENN,<br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, *Commissioner of*<br>*the Social Security Administration*,<br>Defendant. | §<br>§<br>§<br>§ Civil Action No. 8:18-02678-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
REVERSING THE DECISION OF DEFENDANT,
AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

This is a Social Security appeal in which Plaintiff Natonya Marvette Glenn (Glenn) seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court reverse the Saul's decision and remand the case to Saul for further administrative proceedings. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on July 31, 2019. Saul filed his Objection to the Report (Saul's Objection) on August 13, 2019. Glenn filed her Reply to Saul's Objection and her own Objection to the Report (Glenn's Objection) on August 14, 2019. The Court has reviewed both objections and each has merit. Nevertheless, the ultimate disposition of the case remains the same. The Court will therefore enter judgment accordingly.

On February 12, 2015, Glenn filed her applications for DIB and SSI. She contends her disability commenced on August 6, 2012. Saul denied Glenn's applications initially and upon reconsideration. Glenn then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on June 30, 2017.

On September 28, 2017, the ALJ issued a decision holding Glenn was not disabled. The Appeals Council denied Glenn's request for review of the ALJ's decision. Glenn then filed this action for judicial review with the Court on October 1, 2018.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other

work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

### A. Saul's Objection

Saul objects to the Report on the ground he thinks the ALJ sufficiently explained how Glenn's moderate limitations in concentration, persistence, or pace translated into the residual functional capacity (RFC) finding, is supported by substantial evidence.

The record for review "should include a discussion of which evidence the ALJ found credible and why, and the specific application of the pertinent legal requirements to the record." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Remand is appropriate where "the reviewing court has no way of evaluating the basis for the ALJ's decision." *Id.*

The Fourth Circuit dictates ALJs must account for "limitations in concentration, persistence, and pace" by posing hypothetical questions to the vocational expert (VE) asking about "the ability to stay on task" rather than merely "the ability to perform simple tasks." *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). *Mascio*, however, specifically acknowledges an ALJ can "explain why . . . moderate limitation[s] in concentration, persistence, or pace . . . do[] not affect . . . ability to work." *Id.* In such circumstances, "it would [be] appropriate to exclude it from the hypothetical tendered to the vocational expert." *Id.*

4

Although the ALJ, in Glenn's RFC, noted Glenn has "moderate limitations" as to concentration, persistence, or pace, A.R. at 32, the ALJ found Glenn "can concentrate, persist, and maintain pace sufficient to understand, remember, and carry out simple, routine, tasks in a low stress environment." *Id.* at 33. To support this later statement, the ALJ found Glenn "generally demonstrated intact recent and remote memory, alertness and full orientation, intact attention and concentration, a calm and cooperative behavior, and a logical and goal directed thought process." *Id.* at 39. The ALJ evaluated Glenn's extensive medical history to reach this conclusion.

Having acknowledged Glenn's moderate limitations, and having evaluated all evidence presented, the ALJ properly determined the moderate limitation would not have an impact on Glenn's working ability. Specifically, the ALJ found Glenn possessed the ability to pay attention and concentrate, directly addressing the "ability to stay on task" concern raised in *Mascio*. The Court is ill-positioned to second guess the factual determination of the ALJ. The ALJ's finding, Glenn's moderate limitations were still conducive to simple routine tasks, was supported by substantial evidence. Accordingly, the Court sustains the Saul's objection.

### B. *Glenn's Objection*

Glenn objects to the Report's failure to address her secondary rationale for remand, the ALJ neglecting a duty to identify and rectify conflicts between the testimony of the VE and the dictionary of occupational titles (DOT). The Magistrate declined to address the allegation of error in the Report, having already suggested remand based on the ALJ's alleged failure to address the moderate limitations in concentration, persistence, or pace. Because the Court sustained the objection as to the original rationale of the Magistrate, this issue is now germane.

Glenn alleges the ALJ's use of the phrase "would have difficulty reading fine print and working with fine objects such as paper clips," improperly excluded any discussion of frequency

for near acuity and therefore conflicts with the DOT. Glenn insists the ALJ used improper wording in vocational terms and therefore failed to meet the substantial evidence standard.

An ALJ "must identify [apparent] conflicts between the expert's testimony and the [DOT]." *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015). If testimony "appear[s] to conflict with the [DOT]," the ALJ must require the VE "to explain that, in fact, no conflict exists." *Id.* Put differently, potential conflicts, even if ultimately determined to be nonexistent, must be addressed. "[I]f the ALJ does not elicit this explanation, then the expert's testimony cannot provide substantial evidence to support the ALJ's decision." *Id.*

The Fourth Circuit, in analyzing apparent conflicts, has looked to whether the description of the RFC directly conflicts with the description of the jobs proposed by the VE in the DOT. *See Thomas v. Berryhill*, 916 F.3d 307, 314 (4th Cir. 2019) (stating the RFC limitations were incongruous with the requirements of the jobs identified by the VE). Though the Court agrees with Saul the analysis requires no magic words, linguistic clarity can help support the lack of an apparent conflict.

One of the characteristics listed in the DOT for jobs is near acuity. This is defined as "clarity of vision at [twenty] inches or less." U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* C-4 (1993), https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=1&cad=rja&uact=8&ved=2ahUKEwiWz76nwPvlAhXjt1kKHYEFAvkQFjAAegQIAhAC&url=http%3A%2F%2Fonlineresources.wnylc.net%2Fdocs%2FSelectedCharacteristicsSearch121110.pdf&usg=AOvVaw0C-sey6L-751lZzWsqYQT9. All three of the VE-identified jobs for Glenn require near acuity either frequently—about 1/3 to 2/3 of the time—or occasionally—up to 1/3 of the time. *See* Garment Worker, DOT 209.687-026, 1991 WL 672131 (requiring near acuity frequently); Mail Clerk, DOT

209.687-026, 1991 WL 671813 (requiring near acuity frequently); Tester Inspector, DOT 723.687-014, 1991 WL 679525 (requiring near acuity occasionally).

The opacity of phrasing the limitation as difficulty reading "fine print"—clarified as print "[s]maller than newspaper type," A.R. at 84—provides a potential, and thus apparent, conflict with the near acuity requirements for the three jobs the VE cited. The ALJ fails to clarify the source of the difficulty. Difficulty reading fine print could be caused by a difficulty seeing clearly at twenty inches or less. Under *Pearson*, this is something requiring the ALJ to seek explanation from the VE. *Id.* at 209 No such explanation is found in the record. Thus, the ALJ's analysis fails the substantial evidence test.

The Court will sustain Glenn's objection, relevant because the Court sustained Saul's objection. Because this is a reversible error, the Court will reverse Saul's decision and remand for further administrative proceedings.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court sustains both Saul's and Glenn's objections, adopts the Report to the extent it is consistent with this opinion, and incorporates it herein. Therefore, it is the judgment of the Court Saul's decision is **REVERSED** under sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to Saul for further administrative action.

    **IT IS SO ORDERED.**

Signed this 21st day of November 2019 in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE